Filed 3/24/16  P. v. Williams CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> BOBBY WILLIAMS, <br><br> Defendant and Appellant. | D068638 <br><br> (Super. Ct. No. SCD114531) |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Amanda Fates, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

BACKGROUND

Defendant and appellant Bobby Williams was charged with violations of Penal Code section 211 (counts 1 & 2); Vehicle Code section 2800.2 (count 3); Penal Code

section 469, subdivision (a) (count 4); Health and Safety Code section 11550, subdivision (a) (count 5); Vehicle Code section 23152, subdivision (a) (count 6); and Vehicle Code section 23152, subdivision (b) (count 7). Three prior strikes under Penal Code section 667, subdivisions (d) and (e) were also charged. Counts 1 and 2 carried special allegations that defendant violated Penal Code sections 1192.7, subdivision (c), 1203, subdivision (e), 1203.06, subdivision (a)(1), and 12022.5.[1]

Defendant was convicted by a jury of counts 1 through 6. Count 7 was dismissed. Pursuant to section 667.5, subdivision (b), the first and second priors were found true by the court. The court also found true the first mandatory serious felony prior under sections 667, subdivision (a)(1) and 1192.7, subdivision (c)(19). The second serious felony prior under sections 667, subdivision (a)(1) and 1192.7, subdivision (c)(19), (23) was found true. Finally, the first and second strike priors under sections 667, subdivisions (b)-(i) and 1170.12 were also found true.

On September 24, 1997, defendant was sentenced to 60 years to life in prison on counts 1, 2, and 4. Defendant's sentence was later modified to reflect that count 4 was dismissed and that the first and second prison priors were stricken.

By an undated letter, defendant sought resentencing under Propositions 36 and 47, as well as *People v. Vargas* (2014) 59 Cal.4th 635 (*Vargas*). The court found defendant's convictions for violation of section 211 are not eligible for sentence reduction. On that basis, it denied defendant's request for resentencing.

---

[1]     All further statutory references are to the Penal Code.

Defendant filed a notice of appeal and request for a certificate of probable cause. He indicated his appeal would be based on the argument that at the time of his convictions, his priors were for second degree robbery and were considered nonserious and nonviolent at the time they were committed. The court denied his request for a certificate of probable cause. In doing so, the court stated the appeal asserts legal error after denial of a postjudgment petition under section 1170.18. With respect to the request for a certificate of probable cause, the court concluded that because the denial of the petition was not " 'a judgement of conviction upon a plea of guilty or nolo contendere, or revocation of probation following an admission of violation,' " a certificate of probable cause is not necessary. With respect to the petition for reduction of the sentences, the trial court concluded the convictions for violation of section 211 are not eligible for reduction.

## DISCUSSION

Defendant's appointed counsel has filed a brief presenting no argument for reversal but invites us to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). If the court in reviewing the record finds good cause to conclude that an arguable issue exists, the court must order counsel to brief the issue. (*Penson v. Ohio* (1988) 488 U.S. 75, 88.) We have given defendant an opportunity to file a brief on his own behalf. He has declined to do so. We have independently reviewed the entire record as is required by *Wende* and *Anders*.

In particular, we note that we have considered the three potential issues raised by

3

appointed counsel, in particular: (1) whether the trial court erred when it denied defendant's motion for resentencing under Proposition 47 to reduce his conviction for second degree robbery under section 211; (2) whether the trial court erred in failing to rule on defendant's claims under Proposition 36 and *Vargas*; and (3) whether the failure, if any, to rule on the motion under Proposition 36 and *Vargas* was prejudicial.

The operative question is whether defendant's convictions for *second degree robbery* qualify for sentence reduction under either Propositions 36 or 47, or *Vargas*. The trial court concluded no counts and, thus, no convictions were eligible for reduction under section 1170.18. We agree. Any failure to specifically address Proposition 36 and *Vargas* is not prejudicial.

Defendant has been represented by competent counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

NARES, J.

4